Turner, J.
 

 The decision of this case rests upon whether there is any unlawfulness or ambiguity in the provision of the agreement to the effect that commissions were to be paid only during the time that the agreement remained in full force and effect.
 

 It is to be observed at the outset that the agreement here under review does not contemplate the sale of merchandise. It does involve the “sale” of the employer’s services to be performed for clients obtained by the salesman and paid for by such clients as billed by the employer and collected from the clients. Items (5) and (6) leave no doubt that the practice did not
 
 *474
 
 differ from the terms of the agreement that .appellant’s commissions were to be paid only on such sums of money as were billed to and collected from each individual client personally procured by appellant.
 

 The agreement provided:
 

 “(c) In addition to payment due under provisions above [about which there is no dispute], commissions will be paid employee as shown below on all sums of money billed to, and collected from each individual client personally procured by the employee; said commissions to be paid only during the time this agreement remains in full force and effect.”
 

 The agreement contained the further provision that:
 

 “This contract of employment may be terminated by either of the parties, hereto upon giving to the other ■party not less than seven days’ written notice of the intention to cancel this "agreement. ’ ’
 

 There was no breach of the contract unless the failure to pay appellant a commission on billings and collections made subsequent to the termination of the contract constitutes such breach.
 

 The trial court found that there was a termination of the agreement ás of the 26th of December 1944. Subsequent to the termination of the agreement, $79,000 of additional collections were made from clients procured by appellant.
 

 Appellant claims to be entitled to the sum of $4,000 as commissions on such last mentioned collections. Appellant’s claims'and our conclusions thereon may be summarized as follows:
 

 Appellant claims: ‘
 
 ‘
 
 That the commissions were payable absolutely.” We are of the opinion that the commissions were payable conditionally and that such condition was not fulfilled.
 

 Appellant claims: “That the discharge was in bad
 
 *475
 
 faith and wrongful.” There is no proof to support this claim.
 

 Appellant claims: £ £ That under
 
 quantum meruit
 
 and unjust enrichment theories plaintiff was entitled to recovery.” Neither of these theories applies for the reason that there is an express contract which has not been breached, and no fraud or bad faith necessary to support the theory of unjust enrichment has been shown.
 

 It is to be noted that the provision for the payment of commissions is contained in a single sentence which we do not find to be either unlawful or ambiguous. Appellant argues for a ££fair and reasonable construction rather than a harsh or unreasonable one; an equitable construction rather than one giving a party an advantage over the other; one that would make the contract i’air, customary and one which pz-udezzt mezz would naturally execute as contrasted to inequitable, unusual, hard, and such as one would not likely enter izzto.” The “construction” contended for by appellant would not be a construction at all but would amount to the making of a new contract for the parties, which is not the function of a court.
 

 Appellant argues that ££ commissions belong to the salesman upon «procuring the client or order. They are payable absolutely.”
 

 This claim is contrary to the plaizz provisiozz that commissions would be paid on all sums of money billed to and collected from each client procured by the employee with the clear limitation that such commissions are to be paid only during the time the agreement remains in full force and effect. The stipulations and the agreement indicate that the' salesmazz’s service to the clients which he procured followed through during the period appellant’s employer was employed by such client unless the agreement between appellant and his employer were terminated.
 

 
 *476
 
 That the terms of the agreement appear (and may work out to be), harsh may be admitted, but unless there is fraud or other unlawfulness involved, courts are powerless to save a competent person from the effects of his own voluntary agreement. In other words, courts do not relieve competent parties from an improvident agreement.
 

 In the
 
 per curiam
 
 opinion in
 
 Ohio Crane Co. v. Hicks,
 
 110 Ohio St., 168, 172, 143 N. E., 388, it is said:
 

 “We recognize the fact that, where a contract is plain and unambiguous, it does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto and a corresponding advantage to the other, that it is not the province of courts to relieve parties of improvident contracts * *
 

 In 12 American Jurisprudence, 641, Section 149, it is said:
 

 . “It is the inherent and inalienable right of every man freely to deal or refuse to deal with his fellow men. Competent persons ordinarily have the utmost liberty of contracting, and their agreements voluntarily and fairly made will be held valid and enforced in the courts. Parties 'may incorporate in their agreements any provisions that are not illegal, or violative of public policy. ’ ’
 

 While the. appellant alleged bad faith and fraud on the part of May in his petition, we are unable to’ find any proof thereof in the stipulation of facts which contains all the evidence upon which this case was tried. To establish fraud or bad faith, clear and con.vincing proof is required.
 

 We cannot deduce fraud or bad faith from the fact that the employer followed the terms of the agreement which plainly states the personal service nature of the employer’s business. Unless a salesman is able
 
 *477
 
 to produce business,' the employer cannot keep bis force of accountants and engineers busy which, of course, results in a loss to the employer. In item (5) of the stipulation set out above in the statement of facts the only business procured by appellant had been “procured by plaintiff many weeks prior to December 23, 1944.” It was stated in the employer’s letter of December 19, 1944: “We regret that our association did not prove to be mutually profitable, * * * however we do have
 
 must
 
 performance standards. * * * ” In appellant’s letter of December 24,1944, appellant gives his version of why these “must” standards have not been met. (Appellant was not advised of such standards.)
 

 In 26 Ohio Jurisprudence, 222, Section 91, it is said:
 

 “If an employment is at will, the employer may discharge the employee at any time without incurring any liability as for breach of contract. ’ ’
 

 In the dissenting opinion in the Court of Appeals it is said:
 

 “If there had been no cancellation of this contract by the defendant, the plaintiff would have been ’clearly entitled to this commission without any further effort on his part. ’ ’ While this hypothetical statement is true, yet we are dealing here with realities and whether the commissions were earned under the terms of the contract is to be measured by such terms, and not what we think such terms ought to have been.
 

 We are of the opinion that the rule here applicable is succinctly set out in the Restatement of the Law of Restitution, Chapter 4, page 447, Section 107, as follows:
 

 “(1) A person of full capacity who, pursuant to a contract with another, has performed services or transferred property to the other or otherwise has conferred u benefit upon him, is not entitled to compensation
 
 *478
 
 therefor other than in accordance with the terms of such bargain, unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality, or unless the other has failed to perform his part of the bargain.”
 

 Under Comment on page 448,
 
 ibid,
 
 it is said: “ * * *
 

 A person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them the other should give in return. ’ ’
 

 We are not unmindful of the eases whose facts are closely analogous with those of the case at bar. The case with the facts nearest those of the instant case is
 
 Singer Mfg. Co.
 
 v.
 
 Brewer,
 
 78 Ark., 202, 93 S. W., 755. In that case there was a delivery of merchandise — a sale completed — and it was held by the court that a provision in the contract that all claims for compensation should cease immediately upon the termination of the agreement should not work a forfeiture of the compensation for sales of merchandise already delivered. In the instant case we have a different situation, to yit, the “sale” of ah agreement to use the services of the employer. The record in the instant case does not disclose the period for which the services of the employer to clients obtained by appellant were to be so used but it is clear that the employer did not earn and had no right to bill the clients for such services until they were performed. It is clear also that all services performed for such clients by the employer prior to the termination of appellant’s agreement were billed and the commissions thereon paid to appellant. So that we have left in the case the question of commissions on sales of employer’s services for services which had not been rendered at the time of the termination of the contract in question.
 

 In the case of
 
 Singer Sewing Machine Co.
 
 v.
 
 Kalt
 
 
 *479
 

 wasser
 
 (Tex. Civ. App.), 255 S. W., 631, it was held:
 

 “Where a contract of agency for the sale of sewing machines and collection of accounts provided that it might be terminated at the pleasure of either party, it was error to allow the agent to recover on a cross-bill fees which he might have collected, if he had not been discharged; the discharge not being wrong.”
 

 We are not unmindful of'the statement set forth in 2 Restatement of the Law of Agency, Chapter 14, page 1069, Section 454, to wit:
 

 “An agent to whom the principal has made a
 
 revocable offer
 
 of compensation if he accomplishes a specified result is entitled to the promised amount if the principal, in order to avoid payment of it, revokes the offer and thereafter the result is accomplished, the agent’s prior efforts being the effective cause thereof.” (Italics ours.)
 

 In the instant case there was no revocable offer of compensation. Here the compensation was payable unconditionally during the time that the agreement between the parties remained in full force and effect. The agreement specifically provided that the agreement might be terminated by either party and was so terminated by the employer according to the terms thereof. Had the agreement in the instant case provided that if appellant secured the business in question he would be paid a specified compensation and after appellant had accomplished the specified result the employer had attempted then to revoke the offer, such revocation would not be effective, and we would then have such a case as is referred to in Section 454,
 
 supra.
 
 Under such circumstances the claim of appellant here, that “the commissions belong to the salesman upon procuring the client or order,” would be valid. But we do not have a case which falls under Section 454,
 
 supra.
 

 
 *480
 
 Therefore the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Matthias, Zimmerman and Sohngen, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Hart, J., not participating*.