OPINION
Defendant Haines Company, Inc., appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff Arnold R. Stewart on his complaint for breach of contract. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPROPERLY DENYING APPELLANT HAINES COMPANY'S MOTION FOR SUMMARY JUDGMENT, AND IMPROPERLY GRANTING APPELLEE ARNOLD STEWART'S MOTION FOR SUMMARY JUDGMENT, AS TO APPELLEE'S CLAIM FOR BREACH OF CONTRACT BECAUSE THE CONTRACT BETWEEN THE PARTIES PROVIDES THAT APPELLEE IS NOT ENTITLED TO POST-EMPLOYMENT COMMISSIONS.
Appellee/cross appellant also assigns a single error to the trial court:
 ASSIGNMENT OF ERROR ASSIGNMENT OF ERROR ONE THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO CROSS-APPELLEE (HAINES) ON CROSS-APPELLANT'S (STEWART'S) CLAIM THAT CROSS-APPELLEE (HAINES) VIOLATED OHIO'S PROMPT PAY ACT, R.C.§ 4113.15.
The parties agree the facts which gave rise to this action are not in dispute. On January 19, 1997, appellant hired appellee as an account executive responsible for promoting appellant's products in its automotive division. Appellee's job duties included contacting auto dealers to sell them customer lists and mailing services for promotional campaigns. The employment contract between the parties provided appellee would be paid the base rate of $12,000 per year plus a supplement which amounted to a guaranteed compensation of $25,000 for his first twelve months on the job. In addition, the contract provided for commission payments at varying percentage rates from two percent to eight percent, based upon the type of sale. Appellant reserved the right to reduce appellee's commission rate, as well as the sale price, at its sole discretion. Under the terms of the contract, all commissions were to be paid on a monthly basis, although appellant could change this at its discretion. Finally, the contract provided upon termination, appellee would have no further rights to payment of commission or base rate. It is this clause of the agreement which gave rise to the present action. In June of 1998, appellant changed the commissions structure to a flat three percent commission for all sales of any type. Appellee was apparently unhappy with this change, and sought employment with one of appellant's competitors. When appellant discovered appellee had taken its customer list, it terminated appellee's employment effective July 18, 1998. Appellee does not contest the validity of the termination of his employment. However, appellant did not pay appellee his commissions due for part of May, and the June and July commissions. Appellant did pay appellee's commissions for April and part of May of 1998 after it terminated his employment. Appellant's position is the contract provision terminating payment of commissions applies to any commissions unpaid as of the date appellee was terminated, regardless of when the commissions were earned. Appellee urges the contract provision applies only to future and/or residual commissions, and not to commissions already earned while the contract was in effect. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The parties agree there are no material facts in genuine dispute, but rather, the issue is a question of law. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Appellant cites us to Ullman v. May Company (1947), 147 Ohio St. 468 as authority for the proposition that the issue of payment of post-employment commissions is exclusively a matter of contract between the parties. Appellant urges the facts in Ullman are nearly identical to those presented to this court. We do not agree. In Ullman, the employee worked for George S. May d.b.a. May Company. The parties stipulated Ullman worked from May until December 23, 1944, when May terminated him for substandard job performance. The contract between the parties provided that the May Company engaged in consultation services for management of industrial engineering firms. Under the terms of the employment agreement, the employer agreed to pay Ullman commissions on all sums of money collected from each individual client personally procured by the employee. Commissions were to be paid only during the time the agreement was in full force and effect. In dicta, the Supreme Court explained there would be no breach of contract unless the failure to pay a commission on billings and collections made subsequent to the termination of the contract constituted the breach. In Ullman, May collected some $79,000 from clients Ullman had procured after it fired Ullman. It is clear the Ullman case deals with residual commissions. In Ullman, the Supreme Court cited and distinguished the case Singer Manufacturing Company v. Brewer (1906)78 ARK. 202. In the Singer case, there was a delivery of merchandise, which constituted a completed sale. The Arkansas court found a provision in the contract that all claims for compensation should cease immediately upon the termination of the agreement should not work a forfeiture of the commission for sales of merchandise already delivered. The Ullman court found Singer was a different situation, in that the Ullman case dealt with sale of an agreement to use the services of the employer. The employer could not bill the clients for the services until it had performed them. The Ullman court noted it was clear that all services performed for appellant's client by the employer prior to the termination of the appellant's agreement were billed and the commissions were paid over to appellant. In other words, those commissions appellant earned prior to the termination were paid to him, and the dispute in the Ullman case was for commissions for services rendered after the employee was terminated. Finally, the Supreme Court said ". . . had the agreement in the instant case provided that if appellant secured the business in question he would be paid a specified compensation and after appellant had accomplished the specified result the employer had attempted then to revoke the offer, such revocation would not be effective . . ." Ullman at 479, citations deleted. The trial court relied upon our case Straughn v. Dillard Department Store (March 4, 1996), Stark Appellate No. 95CA0294, unreported. In Straughn, we reviewed a case where the employment contract between the parties provided an accrued vacation was payable upon termination only after death, retirement, or voluntary termination. Dillard fired Straughn for violation of company policy. In Straughn, we found vacation pay was a deferred payment of an earned benefit. We found Dillard could no more withhold the accrued vacation pay than it could hold appellant's last pay check, which he had earned but not received, Straughn at 2. We find appellant is incorrect in labeling the payments "post-employment commissions." Instead, these commissions are more properly in the nature of deferred compensation, that is, commissions earned during the force of the contract but not yet paid over to him. We find the instant case is more similar to the situation in Straughn, than in Ullman. Contracts which provide for forfeiture of earned commissions or bonuses are not generally enforced, see Finsterwald-Maiden v. AAA of South Central Ohio (1996), 115 Ohio App.3d 442, citations deleted. The trial court found the commissions were earned and vested prior to appellee's termination. The court found appellant had no right to withhold the vested commissions, and in doing so breached the employment contract. We find no error therein. The assignment of error is overruled.
Turning now to appellee's cross-assignment of error, appellee argues R.C. 4113.15 applies to this action. The statute provides in pertinent part: (A) Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. If at any time payment an employee is absent from his regular place of labor and does not receive his wages through an authorized representative, such person shall be entitled to said payment at any time thereafter upon demand upon the proper paymaster at the place where such wages are usually paid and where such pay is due. This section does not prohibit the daily or weekly payment of wages, the use of a longer time lapse that is customary to a given trade, profession or occupation, or establishment of a different time lapse by written contract or by operation of law. (B) Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.
* * * (1) "Wage" means the net amount of money payable to an employee, including any guaranteed pay or reimbursement for expenses, less any federal state, or local taxes withheld; any deductions made pursuant to a written agreement for the purpose of providing the employee with any fringe benefits; and any employee authorized deduction. The trial court found R.C. Section 4113.15 was inapplicable because it did not specifically address commissions, and because a legitimate dispute exists between the parties as to the payment of the accrued unpaid commissions at termination. Appellee urges commissions are wages, and there was in fact no dispute between the parties as to the amount of the commissions, but rather, only as to whether they were payable at all. We find the trial court was correct in holding the definition of the word wage as used in Section 4113.15 does not include commissions, which are not guaranteed pay or reimbursement for expenses. The trial court found, and we agree, that this case constituted a contest over a wage claim, and accordingly, R.C. 4113.15, the Prompt Pay Act, does not apply to this case. The cross assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J. Wise, J., concur Hoffman, J., concurs separately.