JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Venis Tisdale ("Tisdale") appeals the Civ.R. 12(B)(6) dismissal of his complaint filed in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm the decision of the trial court.
 I {¶ 2} On April 25, 2003, Tisdale, pro se, filed suit against defendants-appellees Javitch, Block Rathbone and attorney Michael Linn (referred to individually by name or collectively as "appellees"), entitled "lawsuit for money damages for threatening letter." Tisdale contends that Linn, in his capacity as attorney for Javitch, Block 
Rathbone sent Tisdale threatening letters in relation to a lawsuit entitled Venis Tisdale v. 2M Properties, Inc., et al.[1]
 {¶ 3} On May 12, 2003, appellees moved, pursuant to Civ.R. 12(B)(6), to dismiss the complaint for failure to state a claim upon which relief may be granted. On May 16, 2003, Tisdale filed his brief in opposition. On June 4, 2003, the trial court granted appellees' motion.
 {¶ 4} Tisdale timely appeals this decision.[2]
 II {¶ 5} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. "All factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991), 57 Ohio St.3d 56.
 {¶ 6} In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 245.
 {¶ 7} Since factual allegations in the complaint are presumed true and only the legal issues are presented, appellate review is de novo.Fairview Realty Investors v. Seaair, Inc., Cuyahoga App. No. 81296, 2002-Ohio-6819.
 III {¶ 8} Having applied the above standard to the facts sub judice, we find that the trial court properly granted appellees' motion to dismiss. The letters to which Tisdale complains are nothing more than Linn's attempt to convey to Tisdale the position and legal options his clients had at their disposal.
 {¶ 9} In the April 18, 2003 letter, Tisdale was advised that Linn's clients would "vigorously defend" themselves and that they considered Tisdale's claims "frivolous." The April 22, 2003 letter provided that "* * * since you have elected not to dismiss my clients from your lawsuit, I will be filing a counterclaim against you to recover my clients' attorney fees." There is nothing unusual or threatening about these letters. They are customary legal correspondence between counsel.
 {¶ 10} Although Tisdale was representing himself in his lawsuit against appellees' clients, "pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209. Furthermore, pro se litigants must be willing to participate in customary legal practice, including the receipt of correspondence detailing legal strategy or available remedies.
 {¶ 11} The judgment is affirmed.
Judgment affirmed.
Diane Karpinski, P.J., and Sean C. Gallagher, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Cuyahoga County Court of Common Pleas (no case number provided). 2M Properties, Inc., Paul Perle, and Alex Reichenbach are represented by Javitch, Block Rathbone and Linn.
[2] We note that Tisdale's appeal presents no clear assignments of error, statement of facts, statement of the case, or conclusion. (. . . continued) Despite these imperfections, we elect to review the appeal.Delaney v. Cuyahoga Metro. Hous. Auth. (1994), Cuyahoga App. No. 65714 ("* * * an appellate court will ordinarily indulge a pro se litigant when there is some semblance of compliance with the appellate rules.")