**Paul CHOI; et al., Plaintiffs—Appellants,**

v.

**AEP ENERGY SERVICES, INC., a foreign corporation, Defendant—Appellee.**

No. 03–36041.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted May 3, 2005.

Decided May 19, 2005.

Michael O. Moran, Esq., Black, Helterline LLP, Portland, OR, for Plaintiffs-Appellants.

Adele E. O'Conner, Esq., Porter, Wright, Morris & Arthur, Columbus, OH, for Defendant-Appellee.

Before HUG, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

Appellants Paul Choi, David Fuller, and Stewart Rosman (collectively "Appellants") appeal the district court's grant of summary judgment in favor of their former employer, AEP Energy Services, Inc. ("AEP").

■ Appellants were offered contracts of employment that were memorialized in letters from AEP. The letters stated, "you will also be eligible to participate in the AEP Energy Services, Inc. Incentive Compensation Plan." Appellants contend that this Incentive Compensation Plan (the "Plan") was not part of their employment contracts with AEP because (1) reference to the Plan in the written offer letters sent to each Appellant was insufficient to incorporate the Plan's terms, and (2) Appellants were not given copies of the Plan prior to accepting employment.

These arguments are unavailing. Under Ohio law,[1] the explicit reference to the Plan in Appellants' offer letters was "sufficient to cause a person of ordinary prudence to inquire" about the terms of the Plan. See Blatnicky v. Sheller–Globe Corp., No. 56695, 1990 WL 66476, at *4 (Ohio Ct.App. May 17, 1990); cf. Kucan v. Gen. Am. Life Ins. Co., No. 01AP–1099, 2002 WL 1933377, ¶ 17 (Ohio Ct.App. Aug. 13, 2002) (employment contract incorporated terms of Management Incentive Program where offer letter confirmed eligibility for program, described target compensation levels, and specified payment schedule). None of the Appellants clearly recalled asking for a copy of the Plan until November, 2002, when they heard rumors that bonuses might not be paid for the year. In any event, a bonus plan need not be provided to an employee at the time an offer of employment is made or accepted in order to be enforceable. See Holderman v. Huntington Leasing Co., 19 Ohio App.3d 132, 483 N.E.2d 175, 176–77 (Ohio Ct.App.1984) (written agreement providing for bonus incentives was part of employment contract where employee "was given a written copy of the agreement prior to the time that he earned his bonus"). There is no question that Appellants entered into employment contracts with AEP, as memorialized in the offer letters. Appellants' failure to inquire into the terms of the Plan does not render those terms unenforceable. Accordingly, the Plan was incorporated into, and thus became an enforceable part of, Appellants' employment contracts.

■ Appellants' alternative argument— that they "earned" bonuses under the

1. The district court held, and the parties do not dispute, that Ohio law governs interpretation of the contract terms at issue here, and that Oregon law governs Appellants' alternative equitable claims.

terms of the Plan—also fails. Ohio courts will enforce preconditions in written bonus or commission contracts even where doing so appears to work a hardship on the employee. *See, e.g., Ullman v. May,* 147 Ohio St. 468, 72 N.E.2d 63, 66–67 (1947); *see also Kucan,* 2002 WL 1933377, ¶ 27 (employee not entitled to award under Management Incentive Plan because neither of two conditions—that "the company satisfied financial targets and the employee remained employed at the time of the payout"—was satisfied). AEP's Plan clearly establishes several conditions that must be fulfilled before a bonus can be "earned": an employee must remain employed at the end of the plan year, the bonus pool must be calculated, the President must recommend individual bonus amounts, and the Compensation Committee must act on the President's recommendations. AEP reserved and exercised the right to terminate both the Plan and Appellants' employment prior to the end of the plan year. Therefore, none of the preconditions was fulfilled, and Appellants did not "earn" any bonuses under the Plan. Moreover, there is no genuine issue of material fact as to whether Appellants Choi and Rosman were entitled to the 18-month retention bonuses mentioned in their offer letters, despite having been employed for only nine months.

Because an enforceable contract governed relations between the parties, Appellants' equitable claims for promissory estoppel and unjust enrichment are barred. *See Neiss v. Ehlers,* 135 Or.App. 218, 899 P.2d 700, 706 (1995); *Prestige Homes Real Estate Co. v. Hanson,* 151 Or.App. 756, 951 P.2d 193, 195–96 (1997). Accordingly, the district court's judgment in favor of AEP is AFFIRMED.