OPINION
{¶ 1} On January 8, 2008, Defendant-Appellant, Hoyt Plumbing, Inc. filed a Motion for Reconsideration of our January 3, 2008 decision dismissing its appeal. Upon consideration of the motion, we granted the same. In our entry, we vacated our original opinion in this matter and reinstated the appeal. This opinion and subsequent judgment entry is a reconsideration of Appellant's original appeal.
 {¶ 2} Appellant appeals the judgment of the Licking County Court of Common Pleas to uphold the Magistrate's decision denying Appellant's motion for directed verdict.
 STATEMENT OF THE FACTS AND THE CASE {¶ 3} On February 26, 2003, the boiler exploded at a home owned by P3T, Ltd., injuring the tenant, Nelson Hadley. P3T, Ltd. was insured by Plaintiff-Appellee, Mennonite Mutual Insurance ("Mennonite"). On June 13, 2003, Mennonite settled Mr. Hadley's injury claims for $145,000 and obtained a release signed by Mr. and Mrs. Hadley. The June 13, 2003 release listed P3T, Ltd. as the party released.
 {¶ 4} On February 28, 2005, Mennonite filed a complaint against Defendant-Appellant, Hoyt Plumbing, Inc. ("Hoyt") claiming Hoyt's negligence caused the boiler to explode. Mennonite claimed contribution and/ or indemnification from Hoyt for the $145,000 settlement to the Hadleys. Hoyt filed an answer on March 16, 2005 claiming Mennonite did not properly preserve its claim for contribution.
 {¶ 5} On March 25, 2005, the Hadleys signed a second release. In the second release, P3T, Ltd. and Hoyt were named as the parties released. All other information remained the same. *Page 3 
 {¶ 6} Hoyt filed a Motion for Summary Judgment. It argued that Hoyt was not liable for the boiler explosion and regardless of Hoyt's liability, Mennonite failed to preserve its claim for contribution. Hoyt argued that Mennonite failed to comply with the contribution statutes because it failed to obtain a release naming Hoyt as a party released within the statute of limitations applicable to the Hadley's personal injury. Hoyt further argued Mennonite failed to commence its contribution action within one year of the June 13, 2003 settlement with Hadley. The trial court denied the motion for summary judgment.
 {¶ 7} On January 3, 2007, the matter came on for bench trial before the magistrate. During opening remarks, Hoyt made an oral Motion for Directed Verdict and/or Motion to Dismiss Plaintiff's claims for contribution, again arguing Mennonite failed to properly preserve its contribution claims against Hoyt. The parties then presented evidence regarding Mennonite's claim of negligence against Hoyt. At the close of the trial, the magistrate directed the parties to brief the issues related to Mennonite's contribution claim and he would issue a ruling thereafter.
 {¶ 8} On March 16, 2007, the magistrate issued his decision on Hoyt's motion for directed verdict and found that Mennonite had preserved its claim for contribution against Hoyt. The magistrate denied Hoyt's motion for directed verdict and/or motion to dismiss. The magistrate also issued its findings of facts and conclusions of law, finding Hoyt negligent.
 {¶ 9} In response to the magistrate's decision, Hoyt filed objections to the magistrate's decision on March 28, 2007. The trial court issued a judgment entry *Page 4 
affirming the magistrate's decision and included the Civ.R. 54(B) language. It is from this decision Hoyt now appeals.
 {¶ 10} Appellant raises one Assignment of Error:
 {¶ 11} "I. THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW IN FINDING APPELLEE MENNONITE MUTUAL INSURANCE COMPANY PROPERLY PRESERVED ITS CLAIM FOR CONTRIBUTION AGAINST APPELLANT HOYT PLUMBING, INC."
 I. {¶ 12} Hoyt argues the trial court erred in denying its motion for directed verdict and/or motion to dismiss on the contribution issue. As a first matter, we note a motion for directed verdict lies only in a jury trial. This matter was tried to the court, not to a jury. Only juries render verdicts; trial courts render judgments. Tillman v.Watson, 12th Dist. No. 06-CA-10, 2007-Ohio-2429, at ¶ 8. As such, Civ.R. 50(A) is inapplicable. The correct rule is Civ.R. 41(B)(2) which provides:
 {¶ 13} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, * * *, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine [the facts] and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." (parenthetical material added).
 {¶ 14} Dismissals pursuant to Civ.R. 41(B)(2) are similar in nature to directed verdicts in jury actions; however, the standards to be used by the trial court and the reviewing court for the two motions are not the same. Civ.R. 41(B)(2) specifically *Page 5 
provides the trial court may consider both the law and the facts. Therefore, the trial judge, as the trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead weighs the evidence and actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard. SeeL.W. Shoemaker, M.D., Inc. v. Connor (1992), 81 Ohio App.3d 748, 752,612 N.E.2d 369; Harris v. Cincinnati (1992), 79 Ohio App.3d 163, 168,607 N.E.2d 15. Even if the plaintiff has presented a prima facie case, dismissal may still occur if the trial court determines that the necessary quantum of proof makes it clear that the plaintiff will not prevail. Fenley v. Athens Cty. Genealogical Chapter (May 28, 1998), Athens App. No. 97CA36, 1998 WL 295496, at # 3, citing 3B Moore's Federal Practice (1990), Paragraph 41.13(4), at 41-177. However, if the court finds the plaintiff has proven the relevant facts by the necessary quantum of proof, the motion must be denied and the defendant is required to put on evidence. Central Motors Corp. v. Pepper Pike (1979),63 Ohio App.2d 34, 48, 409 N.E.2d 258.
 {¶ 15} A trial court's ruling on a Civ. R. 41(B)(2) motion will be set aside on appeal "only if erroneous as a matter of law or against the manifest weight of the evidence." Bank One, Dayton, N.A. v.Doughman (1988), 59 Ohio App.3d 60, 63571 N.E.2d 442.
 {¶ 16} Hoyt argued in its Civ.R. 41(B)(2) motion that Mennonite failed to preserve its claim for contribution because Mennonite failed to comply with the contribution statutes as it failed to obtain a release naming Hoyt as a party released within the statute of limitations applicable to the Hadley's personal injury. Hoyt further argued Mennonite failed to commence its contribution action within one year of the June 13, *Page 6 
2003 settlement with Hadley. It finally argued that the March 28, 2005 release signed by the Hadleys was not supported by consideration.
 {¶ 17} The magistrate denied Hoyt's Civ.R. 41(B)(2) motion, finding Hoyt did not present any evidence at trial that the March 28, 2005 was not supported by consideration. (Magistrate's Order, March 16, 2007). It further found pursuant to MetroHealth Med. Ctr. V. Hoffmann-LaRoche,Inc. (1997), 80 Ohio St.3d 212, 685 N.E.2d 529, Mennonite "may preserve its contribution claim even when the settlement with, and the execution of a release by, the injured party occurs after the statute of limitations expires." (Magistrate's Order, March 16, 2007).
 {¶ 18} We agree with the above findings of the magistrate. Upon a review of the transcript, we cannot say the magistrate's finding that the March 28, 2005 release was supported by consideration was against the manifest weight of the evidence, as there was no evidence presented to the contrary. Further, we find the holding of MetroHealth, supra, to be dispositive of this matter. In that case, the Supreme Court established that the expiration of the limitations period on the underlying tort claim cannot extinguish a subsequent action.Goodyear Tire Rubber Co. v. Brocker, (June 30, 1999), 7th Dist. No, 97 CA 184 citing MetroHealth, supra, at 215. See also Ohio Hosp. Ins. Co. v. CNA Financial Corp. (N.D. 2005), No. 1:05CV151.
 {¶ 19} Hoyt's sole Assignment of Error is overruled.
 {¶ 20} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed. *Page 7 
 Delaney, J., Farmer, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Licking County Court of Common Pleas is AFFIRMED. Costs assessed to appellant. *Page 1