OPINION *Page 2 
{¶ 1} Plaintiff-appellant Phillip Lehmkuhl, Esq. ("Lehmkuhl") appeals from the trial court's entry awarding judgment in his favor against defendant-appellee ECR Corporation ("ECR") in the amount of $480, following a bench trial in this attorney-client fee dispute.
 {¶ 2} Lehmkuhl is an attorney registered to practice in Ohio. On June 26, 2006, Lehmkuhl filed a complaint in the Mount Vernon Municipal Court seeking payment of unpaid attorney fees for services rendered on behalf of ECR and its employee, Jeff Hall. Both were named defendants in a civil case captioned Wagner v. Reed, et al., Case No. 06OT010046, filed in the Knox County Court of Common Pleas on January 31, 2006.
 {¶ 3} The underlying facts follow.
 {¶ 4} On February 9, 2006, Marc Hawk, president of ECR, verbally engaged Lehmkuhl to represent ECR and Hall in the Wagner litigation. The parties did not execute a written engagement letter. The parties agreed to an hourly rate of $160 per hour. Lehmkuhl discussed the filing of a "Motion for More Definite Statement" on behalf of ECR and Hall in response to the Wagner complaint. Hawk testified that he had "a clear expectation that 2 to 3 hours at $160 an hour was an efficient way to do it". (T. at 33). The conversation between the parties lasted for about 15 minutes.
 {¶ 5} On February 10, 2006, Lehmkuhl filed a Motion for a More Definite Statement, pursuant to Civ. R. 12(E) on behalf of both ECR and Hall. The motion was opposed by Wagner, and Lehmkuhl filed a reply brief on February 20, 2006.
 {¶ 6} On February 23, 2006, Lehmkuhl sent Hawk a bill for legal and secretary services rendered to ECR and Hall between February 8, 2006 to February 21, 2006 in *Page 3 
the amount of $6,050. (Ex. A and C). On February 24, 2006, Hawk contacted Lehmkuhl expressing anger over the amount of the bills and informed Lehmkuhl of his plan to obtain substitute counsel. (T. at 35). On March 10, 2006, a notice of substitution of counsel was filed by attorney Steve Schrock. Thereafter, Lehmkuhl billed ECR for additional legal and secretarial services performed from February 24 to March 10, 2008 in the amount of $405 (Ex. B).
 {¶ 7} On an unspecified date, the Knox County Court of Common Pleas summarily denied the "Motion for More Definite Statement" filed by Lehmkuhl.
 {¶ 8} Lehmkuhl then filed suit in the Mount Vernon Municipal Court, seeking recovery for the value of services he rendered to ECR and Hall in the amount of approximately $6,400. The only defendant was ECR. Lehmkuhl sought recovery under the theories of express contract, implied contract and unjust enrichment.
 {¶ 9} A bench trial was held on December 8, 2006. The parties gave opening statements, followed by the testimony of Lehmkuhl and Hawk. After the admission of exhibits, Lehmkuhl rested his case. The court announced a short recess. Upon return, the court addressed the parties, as follows:
 {¶ 10} "Mr. Lehmkuhl, * * * it is definitely my impression today from hearing this case, that this was a matter of billable hours, not representing your client. First of all, on February 9th, your talking to Mr. Hall — or Hawk and telling him it's gonna take 2 to 3 hours, and you've already billed up 8 hours. You've already spent 8 hours on this case and tellin' him it's gonna take 2 to 3. That just not credible, that you can tell — you're statin' to him that this is only gonna cost him for 2 or 3 hours when you've already spent 8 hours and haven't done anything. So what I'm gonna do, Mr. Lehmkuhl, is — I think *Page 4 
you misrepresented the case, what you — the scope of representation, what you were going to be doing for E.C.R. You told Mr. Hawk it'd take 2 to 3 hours. Your rate was $160 Dollars. I'll give you the benefit of the hour — that, and say 3 hours. Judgment for the Plaintiff, $480 Dollars."
 {¶ 11} T. at 37.
 {¶ 12} Thereafter, the court filed a judgment entry stating, in relevant part:
 {¶ 13} * * *
 {¶ 14} "At the conclusion of Plaintiff's case, this Court suasponte announced that Plaintiff had failed to prove the existence of a contract with Defendant to perform more than 3 hours of services, at $160/hour, and thus had not proven damages in excess of $480, and therefore would not be entitled to judgment in any greater amount, regardless of any evidence which may be presented by Defendant.
 {¶ 15} "In announcing this decision, the Court further noted in its findings that Plaintiff had attempted to bill Defendant for legal research performed before Defendant retained Plaintiff, that Plaintiff had misrepresented the amount of time for which he would be billing Defendant, and that Plaintiff's bills to Defendant were clearly excessive in time and amount for the services performed."
 {¶ 16} Judgment Entry, December 14, 2006.
 {¶ 17} Lehmkuhl timely appeals and raises seven Assignments of Error:
 {¶ 18} "I. THE TRIAL COURT ERRED BY FAILING TO AWARD ANY COMPENSATION TO PLAINTIFF FOR SERVICES RENDERED FOR JEFF HALL. *Page 5 
 {¶ 19} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD COMPENSATION TO PLAINTIFF FOR POST-TERMINATION SERVICES TO ECR CORP.
 {¶ 20} "III. THE TRIAL COURT ERRED BY FAILING TO AWARD COMPENSATION TO PLAINTIFF FOR SERVICES RENDERED TO ECR CORPORATION IN THE PERIOD MARCH 16, 2006, THROUGH MARCH 26, 2006.
 {¶ 21} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD COMPENSATION TO PLAINTIFF FOR ROUTINE LITIGATION-RELATED ACTIVITIES.
 {¶ 22} "V. THE TRIAL COURT ERRED BY FAILING TO AWARD PLAINTIFF ADEQUATE COMPENSATION FOR SERVICES RENDERED BASED UPON QUANTUM MERUIT CONSIDERATIONS.
 {¶ 23} "VI. THE TRIAL COURT ERRED BY FAILING TO AWARD PLAINTIFF ADEQUATE COMPENSATION FOR SERVICES RENDERED BASED UPON IMPLIED CONTRACT CONSIDERATIONS.
 {¶ 24} "VII. THE TRIAL COURT ERRED WHEN IT RENDERED JUDGMENT AT THE END OF PLAINTIFF'S CASE, WITHOUT MOTION FROM DEFENDANT FOR A DIRECT VERDICT, OR DISMISSAL, AND PRIOR TO PRESENATION OF DEFENDANT'S CASE."
 VII. {¶ 25} We will first address Lehmkuhl's seventh Assignment of Error.
 {¶ 26} As noted above, the trial court ruled directly from the bench in favor of Lehmkuhl after his case-in-chief. He contends this was in error because "[i]t is open to *Page 6 
doubt as to whether the Trial Court had the authority to enter a verdict, at the close of Plaintiff's case, except pursuant to a Motion to Dismiss by Defendant, which was not made." Appellant's Brief, p. 24.
 {¶ 27} Lehmkuhl further argues that pursuant to Civ. R. 50(A)(4), the trial court was obligated to consider any evidence most strongly in his favor. Had the trial court done so, he contends a prima facie case for an award of more than $480 was justified.
 {¶ 28} As an initial matter, we note that Civ. R. 50 pertains to a motion for directed verdict, which only lie in a jury trial.Mennonite Mut. Ins. Co. v. Hoyt, 5th Dist. No. 07CA0058, 2008-Ohio-1741, ¶ 12
(citation omitted). In addition, the record does not reflect that Lehmkuhl objected to the trial court's sua sponte entry of judgment upon the presentation of his evidence.
 {¶ 29} A party's failure to object waives all but plain error.Goldfuss v. Davidson (1997), 79 Ohio St.3d 116. Except in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. at 122-123.
 {¶ 30} Although procedurally unusual, we find no prejudice to Lehmkuhl in the trial court's entry of judgment after resting his case. The record reflects Lehmkuhl testified on his behalf, he called and cross-examined Hawk (which was ECR's only identified witness) and all of his exhibits were admitted into evidence. As a civil plaintiff, Lehmkuhl had the burden of proving his claims by a preponderance of the evidence. It was within the trial court's providence, as the trier of a fact, to determine if Lehmkuhl *Page 7 
had met his burden of proof after resting his case. Any prejudice, if any, would be to ECR and Hall who were precluded from presenting a defense.
 {¶ 31} Accordingly, we find no plain error prejudicial to Lehmkuhl in the trial court's ruling from the bench at the close of the plaintiff's case.
 {¶ 32} The seventh Assignment of Error is overruled.
I, II, III, IV, V
 {¶ 33} We will address Assignments of Error I, II, III, IV and V together as they all challenge the amount of the trial court's judgment in favor Lehmkuhl.
 {¶ 34} In this case, the trial court found an express or oral contract between the parties for the performance of 3 hours of legal services at a rate of $160 per hour. Hence, it limited Lehmkuhl's recovery on the contract to $480. Thus, the trial court found both the hourly fee and amount of hours to be spent was agreed upon.
 {¶ 35} Lehmkuhl contends the parties never had a fixed fee agreement, rather he was generally engaged to represent ECR and Hall and therefore, he was impliedly authorized to perform additional tasks, such as filing a reply memorandum, meeting with Hall, conducting research and transferring the case to substitute counsel. Therefore, he is entitled to recovery based upon an implied contract theory.
 {¶ 36} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. A reviewing court may not simply reweigh the evidence and substitute its judgment for the trier of fact, who is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use *Page 8 
these observations in weighing the credibility of the proffered testimony. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80.
 {¶ 37} The record reveals conflicts in the witnesses' testimony in regards to the parties' conversation. Lehmkuhl testified:
 {¶ 38} "There were no limits placed on me in that conversation in terms of hours, dollars, activities or scope of representation. It was represent my company and my employee."
 {¶ 39} T. at 14.
 {¶ 40} On the other hand, Hawk stated:
 {¶ 41} "Q: And did you agree to pay for legal services rendered to E.C.R. Corp. and Hall.
 {¶ 42} "A: * * * [W]e had a direct conversation about much time you thought it would take to add us to what you had already done; so I had a clear expectation that 2 to 3 hours at $160 Dollars an hour was an efficient way to do it. So yes, that's what I expected.
 {¶ 43} "Q: Did you agree to pay me for my time at $160 Dollars per hour billed in quarter units?
 {¶ 44} "A: For that period of time, yes; in that scope.
 {¶ 45} * * *
 {¶ 46} "Q: In our conversation of February 9th, 2006, were you quoted a fixed fee for representing E.C.R. and Hall?
 {¶ 47} "A: I interpreted it as a fixed fee. *Page 9 
 {¶ 48} Q: Do you recall me giving you a precise dollar figure for representing either Hall or E.C.R.?
 {¶ 49} "A: Not a dollar figure from you, but I, I certainly did math in my head. 2 to3 hours x 160 is what I had in my head."
 {¶ 50} T. at 33-34.
 {¶ 51} Upon a review of the record, we find some competent, credible evidence to support the trial court's decision that Hawk hired Lehmkuhl to perform specific legal services (i.e. filing a motion), agreed to pay Lehmkuhl's $160 hourly rate up to 3 hours of time. Furthermore, the evidence adduced at hearing did not establish that Lehmkuhl's large increase in legal or secretarial fees were rendered with the knowledge and approval of Hawk. It is reasonable to infer from the fact that Hawk quickly disagreed with the bills and discharged Lehmkuhl that Hawk did not agree with Lehmkuhl's broader view of their fee arrangement.
 {¶ 52} In conclusion, the existence of the fee agreement and its terms are matters for the trial court to determine. Based upon the evidence presented in this case and our standard of review, we cannot say that the trial court's judgment was not supported by competent, credible evidence.
 {¶ 53} The first, second, third, fourth, and fifth assignments of error are overruled.
 VI {¶ 54} In his last assignment of error, Lehmkuhl contends the trial court erred by failing to award adequate compensation for services rendered upon quantum meruit or unjust enrichment considerations. *Page 10 
 {¶ 55} Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject. Ullmann v. May (1947) 147 Ohio St. 468, syllabus four; City of Cincinnati v. Cincinnati Reds (1984)19 Ohio App.3d 227.
 {¶ 56} Since we have upheld the trial court's finding of an express contract covering the amount of recovery, an unjust enrichment claim would be barred since it covers the same subject.
 {¶ 57} Accordingly, we overrule the sixth Assignment of Error.
 {¶ 58} For the reasons set forth above, the judgment of the Mount Vernon Municipal Court is affirmed.
 Delaney, J. Gwin, P.J. and Farmer, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant. *Page 1