RESTIVO et al., Appellants,

v.

CONTINENTAL AIRLINES, INC., Appellee.

[Cite as *Restivo v. Continental Airlines, Inc.,* 192 Ohio App.3d 64, 2011-Ohio-219.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94926.

Decided Jan. 20, 2011.

Phillips & Company, L.P.A., and Gerald W. Phillips; and Cannata Phillips, L.P.A., L.L.C., and Sam P. Cannata, for appellants.

Jones Day, Jeffrey Saks, Tracy A. Stitt, and Hugh R. Whiting, for appellee.

JAMES J. SWEENEY, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Peter Restivo et al., appeal from the trial court's order that dismissed their claims against defendant-appellee, Continental Airlines, Inc. ("Continental"), finding that they are preempted by federal law and otherwise fail to state a claim upon which relief could be granted. For the reasons that follow, we affirm.

{¶ 2} Plaintiffs' complaint alleges that they purchased a gift card in the amount of $1,000 for air travel and services on Continental's airline. The gift card had a one-year expiration date, and when the donee attempted to use the gift card after its expiration date, Continental refused to honor it. Thereafter, plaintiffs pursued the subject class-action lawsuit against Continental, asserting claims that allege violations of Ohio's Gift Card Statute and the Ohio Consumer Sales Practices Acts ("OCSPA") and also containing a claim for unjust enrichment. Continental responded to the complaint with a motion to dismiss, asserting that the claims based upon alleged violations of state law were preempted by the Airline Deregulation Act of 1978, Section 41713, Title 49, U.S.Code ("the ADA") and that the unjust-enrichment claim fails due to the existence of an express contract.

{¶ 3} The first six assignments of error all challenge the propriety of the trial court's finding that the ADA preempted their state-law claims.

{¶ 4} We review a court's granting of a motion to dismiss de novo. *Tisdale v. Javitch, Block & Rathbone,* Cuyahoga App. No. 83119, 2003-Ohio-6883, 2003 WL 22971032. When ruling on a motion to dismiss for failure to state a claim, the court must assume that all factual allegations in the complaint are true, and it

must appear beyond a reasonable doubt that the plaintiff can prove no set of facts warranting recovery. *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729.

{¶ 5} We note that appellants' arguments incorporate revisions to the Credit Card Act of 2009 that took effect in August 2010 and that add provisions that regulate the use and issuance of gift cards, including the requirement that all gift cards issued after August 22, 2010, may not carry an expiration period of less than five years. See Section 1693, Title 15, U.S.Code. However, appellants did not assert a claim under the Electronic Funds Transfer Act or any provision of that law because the gift card issued in this case predates the effective date of the subject federal legislation. Consequently, we are not in a position to determine how the recently enacted legislation will affect gift cards issued by an airline.

{¶ 6} Appellants asserted claims pursuant to Ohio's gift-card statute and the OCSPA. However, the ADA explicitly provides that "a State, * * * may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." Section 41713(b)(1), Title 49, U.S.Code. The prior version of this law provided that "no State * * * shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services [plural] of any air carrier * * *." *Am. Airlines v. Wolens* (1995), 513 U.S. 219, 222–223, 115 S.Ct. 817, 130 L.Ed.2d 715 (noting that Congress intended the revision to make no substantive change).

{¶ 7} In arguing that the ADA does not preempt their state-law claims, appellants rely on *Charas v. Trans World Airlines, Inc.* (C.A.9, 1998), 160 F.3d 1259. In *Charas*, the Ninth Circuit examined the scope of the ADA's preemption with regard to state-law tort claims. The court in *Charas* focused upon the tenuous connection between a state-law tort claim against an airline and airline deregulation, i.e., whether "the state laws underlying the claims frustrate the goal of economic deregulation by interfering with the forces of competition." Id. at 1263. The court noted the United States Supreme Court's indication that the ADA would not preempt most state-law tort claims, citing *Morales v. Trans World Airlines, Inc.* (1992), 504 U.S. 374, 390, 112 S.Ct. 2031, 119 L.Ed.2d 157, quoting *Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85, 100, 103 S.Ct. 2890, fn. 21 ("'some state actions may affect [airline fares] in too tenuous, remote, or peripheral a manner' to have pre-emptive effect") and *Wolens* at 230–233 (breach-of-contract claim for airline's decision to devalue frequent-flyer miles not preempted).[1] The court then concluded that Congress, by enacting the ADA, "did not intend to immunize the airlines from liability for personal injuries caused

---

1. Appellants did not assert a breach-of-contract claim and are not seeking to have the contract enforced according to its terms.

by their tortious conduct." *Charas* at 1266. The court further interpreted that "Congress used 'service' in § 1305(a)(1) in the public utility sense—i.e., the provision of air transportation to and from various markets at various times. * * * '[S]ervice' does not refer to the pushing of beverage carts, keeping the aisles clear of stumbling blocks, the safe handling and storage of luggage, assistance to passengers in need, or like functions." Id.[2]

{¶ 8} Continental does not dispute the interpretation of "service" set forth in *Charas* but contends that it does not bar the ADA's preemptive effect on appellants' claims. Appellants acknowledge that their claims stem from a contractual relationship and attached a copy of the terms thereof to the complaint. The terms include a statement that the gift card is "[o]nly valid for air travel purchases, including tickets, taxes and surcharges" and that it is "[v]alid for one year from the date certificate is originally issued." The claims involved in *Charas* related to injuries sustained by passengers due to tortious conduct, while appellants in this matter are attempting to have provisions of the gift card declared invalid and in violation of Ohio's consumer-protection laws. Unlike the facts at issue in *Charas*, the gift card is related to the provision of airline service in the "public utility sense," i.e., purchasing a ticket for the provision of air transportation to and from a market at certain times.

{¶ 9} The purpose of the ADA is "[t]o ensure that the States would not undo federal deregulation with regulation[s] of their own." *Morales*, 504 U.S. at 378, 112 S.Ct. 2031, 119 L.Ed.2d 157. In *Morales*, the United States Supreme Court interpreted the "relating to" language of the ADA broadly. Id. at 386–387. Preemption may occur even if a state law's effect on rates, routes, or services "is only indirect."

{¶ 10} Although appellants argue that the gift card is not a service but rather the equivalent of money, they recognize that its purpose and use is for the purchase of "air travel or services" from the airline. Thus, the gift card is "related to" a price, route, or service of an air carrier. It is not simply a financial transaction, as appellants argue, because its value derives from the intended purpose of securing goods or services from Continental in the future. Stated differently, the gift cards were purchased in lieu of an immediate, direct purchase of airline tickets. If appellants had directly purchased airline tickets, there would be no dispute that the tickets related to the airline's service. The fact that the gift card postpones the eventual purchase of an airline ticket does not alter the fact that the gift card is still related to the provision of air transportation. Appellants do not suggest or contend that the gift cards would or could be used to purchase anything but flight tickets. Therefore, the gift cards at issue do not

---

2. For this reason, appellant's argument set forth in the fifth assignment of error is unavailing.

involve the provision of amenities that could be considered only tangentially related to services, as was the determinative factor in *Charas*, 160 F.3d 1259.

{¶ 11} At least one other state appellate court has addressed the same issue presented here and also concluded that the ADA preempts state-law claims challenging the expiration dates of airline gift cards that are redeemable for tickets. E.g., *Tanen v. S.W. Airlines Co.* (2010), 187 Cal.App.4th 1156, 114 Cal.Rptr.3d 743. In *Tanen*, the plaintiff maintained that Southwest violated state law by selling gift certificates, redeemable for airline tickets, that contained expiration dates. The court held that allowing Tanen to maintain state-law claims, including alleged violations of consumer and gift-card laws, would result in substituting state governmental commands for "competitive market forces" in determining the kinds of travel certificates that airlines provide to their customers. The court further reasoned that "to interpret the ADA to permit states to impose their own requirements on the services Southwest offers nationally 'could easily lead to a patchwork of state service-determining law, rules, and regulations,'" and that "'state regulatory patchwork is inconsistent with Congress' major legislative effort to leave such decisions, where federally unregulated, to the competitive marketplace.'" *Tanen* at 1170, quoting *Rowe v. New Hampshire Motor Transport Assn.* (2008), 552 U.S. 364, 373, 128 S.Ct. 989, 169 L.Ed.2d 933. Ultimately, the court in *Tanen* concluded that airlines "do compete with one another with regard to the various services they provide * * * passengers may well choose to purchase a travel certificate on one airline rather than another based on the certificate's expiration date or lack thereof. Accordingly [the state-law restriction on gift-card expiration dates] is not 'peripheral' to airline competition and deregulation within the meaning of *Charas* and related cases." Id. at 1171. That same logic and conclusion apply equally here.

{¶ 12} Assignments of error one through six are overruled. The final assignment of error contests the trial court's order that dismissed appellants' claim for unjust enrichment. The face of the complaint clearly recognizes the existence of an express contract, which was attached to it. Appellants did not challenge the validity of the contract but sought to have the contract declared unlawful through the application of state laws and policies external to the parties' agreement. When a valid contract exists between the parties, there can be no recovery under a theory of quantum meruit in the absence of fraud, bad faith, or illegality. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920, citing *Ullmann v. May* (1947), 147 Ohio St. 468, 34 O.O. 384, 72 N.E.2d 63, paragraph three of the syllabus. The seventh assignment of error is overruled.

Judgment affirmed.

JONES and ROCCO, JJ., concur.