DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Anna B. Buckley, Fred A. Buckley and L. Ray Jones, appeal the judgment of the Medina Municipal Court, which granted summary judgment in favor of appellee, Nationwide Mutual Fire Insurance Company ("Nationwide") on it complaint. This Court reverses.
 I. {¶ 2} Appellant Anna Buckley was injured in an automobile accident with appellee's insured, Brent Cessna, on May 22, 1998. Ms. Buckley was insured by Farmers Insurance Company ("Farmers"), which paid her medical expenses in the amount of $2,907.85. Appellants sued the tortfeasor in the Medina County Court of Common Pleas (case number 00 CIV 0291), but the parties settled the matter with Nationwide short of trial for $10,000.00. Appellant L. Ray Jones represented the Buckleys in this regard. Farmers was not a party to case number 00 CIV 0291 and is not a party to the instant matter.
 {¶ 3} On October 22, 2001, the Buckleys executed a release agreement with Nationwide which stated in relevant part:
"IT IS AGREED that distribution of the above sum [$10,000.00] shall be as Payees see fit, but must include all subrogation claims, including, but not limited to Farmers Insurance.
"WE FURTHER UNDERSTAND AND AGREE that we will release and indemnify Brent L. Cessna and Nationwide Mutual Insurance Company of any and all subrogation claims that may exist as a result of any and all medical and/or hospital claims, including, but not limited to, Farmers Insurance."[1]
 {¶ 4} On October 29, 2001, a representative of Farmers, Teresa Sweeney, contacted Nationwide's representative, Terri LeFever. Ms. Sweeney inquired of Nationwide regarding reimbursement of Farmers' subrogated medical payments interest. Ms. Sweeney further advised that appellant L. Ray Jones' office informed her that they would not reimburse Farmers' subrogated interest. Farmers subsequently filed for intercompany arbitration against Nationwide and was awarded $2,907.85, the amount of Farmers' purported subrogated interest.
 {¶ 5} On July 2, 2004, appellee filed a complaint against appellants, alleging three claims for breach of contract, indemnification and promissory estoppel. Appellants timely answered the complaint.
 {¶ 6} Appellee filed a motion for summary judgment on January 19, 2005. Appellants filed a brief in opposition, and appellee replied in support. On April 14, 2005, the magistrate issued a decision granting appellee's motion for summary judgment and rendering judgment in favor of appellee in the amount of $2,907.85. Appellants timely filed objections to the magistrate's decision. Appellee did not file a response to the objections. On January 19, 2006, the trial court adopted the magistrate's decision as the findings and order of the court. The trial court rendered judgment in favor of appellee and against appellants, jointly and severally, in the amount of $2,907.85. Appellants timely appeal, raising two assignments of error for review.
 ASSIGNMENT OF ERROR I
"THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE BECAUSE FARMER'S [sic] INSURANCE, AFTER BEING PLACED ON NOTICE CHOSE NOT TO PURSUE A CLAIM AGAINST THE TORTFEASOR WHO WAS INSURED BY APPELLEE."
 {¶ 7} Appellants argue that the trial court erred in granting summary judgment in favor of appellee on its complaint because the evidence establishes that Farmers failed to pursue its right of subrogation at a time in which such right existed. Accordingly, appellee cannot prove that appellants breached the terms of the release agreement or that appellee reasonably relied to its detriment on the promises of L. Ray Jones to pay Farmers' subrogation claims. This Court agrees.
 {¶ 8} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 11} To prevail on its claim alleging breach of contract, appellee must prove "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Kunkle v. Akron Mgt. Corp., 9th Dist. No. 22511,2005-Ohio-5185, at ¶ 18, quoting Doner v. Snapp (1994),98 Ohio App.3d 597, 600.
 {¶ 12} This Court has previously stated:
"`[T]he overriding concern of any court when construing a contract is to ascertain and effectuate the intention of the parties.' State ex rel. Kabert v. Shaker Hts. (1997),78 Ohio St.3d 37, 44, quoting Trinova Corp. v. Pilkington Bros., P.L.C.
(1994), 70 Ohio St.3d 271, 276. The parties' intent `is presumed to reside in the language they chose to employ in this agreement.' Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, 132. Furthermore, `any assessment as to whether a contract is ambiguous is a question of law[.]' Watkins v. Williams,
9th Dist. No. 22162, 2004-Ohio-7171, at ¶ 23. If a contract is unambiguous, its interpretation is a matter of law unaccompanied by the need for factual determinations. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, 246." Metcalfe v.Akron, 9th Dist. No. 23068, 2006-Ohio-4470, at ¶ 17.
 {¶ 13} Appellee alleged in its complaint that appellants breached the release agreement "by failing to honor and pay the subrogation claim of Farmers Insurance Company out of the proceeds of the settlement with Nationwide Mutual Fire Insurance Company." The release agreement expressly states that appellants will indemnify appellee of any and all subrogation claims that "may exist" as a result of any medical claims.
 {¶ 14} The version of R.C. 2305.10 in effect at the relevant time provided a two-year time period in which a party could bring an action for bodily injury before the statute of limitations would serve to bar such actions. Furthermore,
"A subrogated insurer stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor. Chemtrol Adhesives, Inv. v. Am. Mfrs. Mut.Ins. Co. (1989), 42 Ohio St.3d 40, 42. Further, where the insured's claim against a tortfeasor is based on negligence, the insurer's subrogated claim is also necessarily based on negligence, rather than on the insurance contract. Ohio Mut.Ins. Assn., United Ohio Ins. Co. v. Warlaumont (1997),124 Ohio App.3d 473, 475, citing State Farm Mut. Auto. Ins. Co. v. Rossi
(Dec. 8, 1989), 11th Dist. No. 89-T-4247. Consequently, where an insured's tort claim is subject to a statute of limitations, so too is the insurer's subrogation claim. United States Fid. Guar. Co. v. Buckeye Union Ins. Co. (Sept. 30, 1986), 6th Dist. No. L-85-377." Nationwide Mut. Ins. Co. v. Zimmerman, 5th Dist. No. 2004 VA 00007, 2004-Ohio-7115, at ¶ 16.
 {¶ 15} There is no dispute that the automobile accident in which Ms. Buckley sustained injuries occurred on May 22, 1998. Further, the parties failed to attach a copy of the Farmers insurance policy or any other evidence to show that the time limits within which to file a claim had been extended. Accordingly, Ms. Buckley was required to initiate her personal injury action by May 22, 2000, or be time-barred by the statute of limitations. Ms. Buckley filed suit against the tortfeasor before the running of the statute. Farmers received notice from attorney Jones by a letter dated February 1, 1999, that appellants were seeking monetary damages for Ms. Buckley's injuries, that appellants would execute an assignment so that Farmers might pursue its subrogation, and that appellants would not otherwise act in furtherance and protection of Farmers' subrogation rights. Farmers did not participate in the litigation in case number 00 CIV 0291, nor did it pursue its own civil action. Upon settlement, appellants executed the release agreement with Nationwide on October 22, 2001, more than a year after the running of the statute of limitations.
 {¶ 16} It was not until after February 4, 2004, that Farmers filed for intercompany arbitration against Nationwide in an effort to obtain reimbursement of the medical costs it paid to appellants. Nationwide reimbursed Farmers in the amount of $2,907.85 on February 24, 2004.
 {¶ 17} The only evidence in this case indicates that, not only did Farmers have no subrogation claim which it could pursue in February 2004, it had no subrogation claim which it could pursue at the time of the execution of the release agreement because the statute of limitations had already run. The release agreement provided only that appellants would indemnify appellee for Farmers' subrogation claims which "may exist." As Farmers' subrogation claim no longer existed at the time of execution of the release and when it sought reimbursement from Nationwide, Nationwide has failed to present any evidence that appellants breached its contract with Nationwide. Nationwide failed to meet its initial burden under Dresher to show that no genuine issue of material fact exists and that appellee is entitled to judgment as a matter of law. Accordingly, the trial court erred by granting summary judgment in favor of appellee on its claim alleging breach of contract.
 {¶ 18} To prevail on a claim for promissory estoppel, appellant must prove: "(1) a clear and unambiguous promise; (2) reliance on that promise; (3) reliance that was reasonable and foreseeable; and (4) damages caused by that reliance." CurrentSource, Inc. v. Elyria City School Dist., 157 Ohio App.3d 765,2004-Ohio-3422, at ¶ 31.
 {¶ 19} Nationwide alleged in its complaint that it relied to its detriment on the promise of attorney L. Ray Jones' agent during settlement negotiations that attorney Jones would pay any subrogation claims out of the proceeds of the settlement. In support of its summary judgment motion, appellee appended the affidavit of Terri LeFever, a Nationwide Casualty Special Claims Representative I. Ms. LeFever averred that she negotiated the settlement with "Mrs. Jones" in attorney L. Ray Jones' office. Ms. LeFever further averred that she finally "communicated the offer of $10,000, including all medical bills and subrogated interests." She then averred that "[a]t that time, the settlement offer was accepted by Mrs. Jones." Ms. LeFever made no averment that Mrs. Jones specifically asserted that attorney L. Ray Jones would reimburse Farmers for the medical costs it had already paid to appellants. Furthermore, Ms. LeFever made no averment that Mrs. Jones even acknowledged that Farmers had any viable subrogation claim. Under the circumstances, this Court finds that the affidavit of Terri LeFever is insufficient to substantiate a clear and unambiguous promise by Mrs. Jones that appellants would reimburse and pay Farmers its purported subrogated interest. This Court finds that Nationwide failed to meet its initial burden under Dresher to show that no genuine issue of material fact exists and that appellee is entitled to judgment as a matter of law. Accordingly, the trial court erred by granting summary judgment in favor of appellee on its claim alleging promissory estoppel. Appellants' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE STATUTE OF LIMITATIONS FOR FARMER'S [sic] INSURANCE COMPANY'S EXERCISE OF THEIR [sic] RIGHTS HAD EXPIRED PRIOR TO THE APPELLEE FILING ITS LAWSUIT AGAINST APPELLANTS RELYING ON ASSIGNMENT OF FARMER'S [sic] EXPIRED SUBROGATION RIGHT."
 {¶ 20} Appellants argue that the trial court lacked subject matter jurisdiction over the matter due to the running of the statute of limitations. Because our resolution of appellants' first assignment of error is dispositive of the appeal, this Court declines to address appellants' second assignment of error.
 III. {¶ 21} Appellants' first assignment of error is sustained. This Court declines to address appellants' second assignment of error. The judgment of the Medina Municipal Court is reversed and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Whitmore, P.J., Boyle, J., concur.
[1] Appellee alleged in its complaint that the release agreement provided, in relevant part, that the Buckleys "will indemnify and hold harmless Brent L. Cessna and Nationwide Mutual Fire Insurance Company, and each of their employees, agents, heirs, executors, administrators, successors and assigns, with regard to any and all claims which can be asserted by any and all subrogated interests and/or statutory lien holders, including, but not limited to, Farmers Insurance." Although appellants admitted that the release agreement so provided, the release agreement attached to appellee's complaint does not reflect this language. Rather, it reflects the language quoted above.