**HOMAN, INC., Appellant,**

v.

**A1 AG SERVICES, L.L.C., et al., Appellees.**

[Cite as *Homan, Inc. v. A1 AG Servs., L.L.C.*, 175 Ohio App.3d 51, 2008-Ohio-277.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–07–06.

Decided Jan. 28, 2008.

Richard A. Millisor and Steven L. Diller, for appellant.

Robert E. Giffin, Robert G. Kennedy, and Thomas Luth, for appellee A1 AG Services.

WILLAMOWSKI, Judge.

{¶ 1} The plaintiff-appellant, Homan, Inc., appeals the judgment of the Mercer County Common Pleas Court granting declaratory judgment and summary judgment in favor of the defendants-appellees, A1 AG Services, L.L.C., and John

Kaiser. On appeal, Homan contends that the trial court erred in granting declaratory judgment to Kaiser because the court found that the time restraints of the noncompetition agreement had expired, that the trial court erred in granting declaratory judgment to Kaiser because it found that Homan had no rights under the contract after changing its name from Homan Equipment, Inc., and that the trial court erred by granting declaratory judgment to Kaiser because the trial court improperly weighed disputed factual issues. Homan also argues that the trial court erred by granting summary judgment to the defendants on counts two through six of the complaint because there were disputed issues of fact and because it found that Homan had no trade secrets. For the reasons set forth herein, the judgment of the trial court is affirmed in part and reversed in part.

## STATEMENT OF THE FACTS

{¶ 2} In 1997, Kaiser became employed by Homan, which was formerly known as Homan Equipment, Inc. At that time, Kaiser signed a covenant not to compete, which was a condition of his employment and which provided that he could not engage in direct competition with Homan for three years after the end of his employment or within 150 miles of Homan's office, located in Maria Stein, Ohio. Approximately one year after hiring Kaiser, Homan changed its name from Homan Equipment, Inc. to Homan, Inc., and it promoted Kaiser to service manager.

{¶ 3} In January 2004, Homan either laid off or terminated its employees, including Kaiser, and apparently filed for Chapter 11 bankruptcy. Kaiser and his wife formed A1 AG and operated it together until Homan notified Kaiser on March 26, 2004, that he had signed the covenant not to compete. Kaiser assigned his interest in A1 AG to a third party and became employed elsewhere for one year, which Kaiser believed was a reasonable period of time under the covenant not to compete. In April 2005, Kaiser returned to A1 AG and began competing with Homan.

{¶ 4} On August 31, 2005, Homan filed its complaint against A1 AG and Kaiser, alleging six causes of action: breach of contract, unjust enrichment, misuse of trade secrets, tortious interference with prospective economic relationships, tortious interference with prospective economic relationships, and tortious interference with contractual relationships. On September 15, 2005, Homan amended its complaint. On September 26, 2005, A1 AG filed its answer, and Kaiser filed a separate answer and a counterclaim against Homan, seeking a declaration that the covenant not to compete was overly broad.

{¶ 5} On December 14, 2005, Kaiser filed a motion for declaratory judgment on Homan's breach-of-contract claim. Homan filed a response, and Kaiser filed a

reply. On February 24, 2006, Kaiser and A1 AG filed a joint motion for summary judgment on Homan's remaining claims. On May 12, 2006, Homan filed a response to the defendants' summary-judgment motion and filed a cross-motion for partial summary judgment on its breach-of-contract and unjust-enrichment claims. The defendants filed a reply in support of their motion and a response to Homan's cross-motion.

{¶ 6} On March 16, 2007, the trial court filed two judgment entries. In the first entry, the court granted Kaiser's motion for declaratory judgment. The court relied upon its findings in the second judgment entry, concerning the summary-judgment motions, determined that the covenant not to compete was unreasonable, and reformed the contract to state that Kaiser could not compete with Homan for a period of two years or within a radius of 50 miles from Maria Stein, Ohio. However, the court went on to determine that the covenant not to compete was no longer enforceable because more than two years had elapsed since the employment relationship was severed. In its second judgment entry, the court granted the defendants' motion for summary judgment and denied Homan's cross-motion. The court determined that the defendants had not misused any trade secrets, because Homan's information was not a trade secret. Homan appeals the judgment of the trial court, raising five assignments of error for our review.

## First Assignment of Error

The trial court erred, as a matter of law, by granting summary judgment as to count II (and dismissing count I) of the amended complaint by ruling that the existence of a trade secret is legally necessary for the enforcement of a non-compete agreement.

## Second Assignment of Error

The trial court erred, as a matter of law, by granting Defendant–Appellee Kaiser's motion for declaratory judgment as to count I (and summary judgment as to count II) of Plaintiff–Appellant's amended complaint on the basis that the two year non-compete period—which the court upheld as *not* unreasonable—had "elapsed," thereby giving Kaiser credit for the undisputed year he violated the agreement.

## Third Assignment of Error

The trial court erred, as a matter of law, by finding Homan, Inc. did not possess rights under the non-compete/disclosure agreement when it is the same business as its predecessor Homan Equipment, Inc.

### Fourth Assignment of Error

The trial court erred, as a matter of law, by dismissing counts I and II of the amended complaint without a trial when multiple genuine issues of material fact exist as to the factors enunciated in *Raimonde* premising the trial court's judgment entries.

### Fifth Assignment of Error

The trial court erred, as a matter of law, by making factual findings on Defendant–Appellee Kaiser's motion for declaratory judgment as to the enforceability of the non-compete/disclosure agreement (count I)—*not a subject of Plaintiff's motion for summary judgment*—without a trial required by O.R.C. 2721.10.

{¶ 7} For ease of analysis, we elect to consider Homan's assignments of error out of order, beginning with the fifth assignment of error. In support of its fifth assignment of error, Homan contends that the trial court improperly resolved issues of fact in ruling upon Kaiser's motion for declaratory judgment. We find this argument not well taken. We review a trial court's determination on a declaratory-judgment action for an abuse of discretion, independently and without deference to the trial court's decision. *Mid–Am. Fire & Cas. Co.*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, at ¶ 12–14.

{¶ 8} R.C. 2721.10 allows for jury trials in declaratory-judgment actions. Specifically, the statute states:

When an action or proceeding in which declaratory relief is sought under this chapter involves the determination of an issue of fact, that issue may be tried and determined in the same manner as issues of fact are tried and determined *in other civil actions* in the court in which the action or proceeding is pending.

(Emphasis added). R.C. 2311.04 provides for jury trials in civil cases:

Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure.

All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.

{¶ 9} In this case, a jury trial was not waived despite Kaiser's failure to demand a jury trial in his counterclaim. In its complaint, Homan demanded a jury trial "on all matters so triable in this cause." That language constitutes a broad demand and does not limit the issues that may be presented to the jury. The Supreme Court, in analyzing Civ.R. 38 and 39, has held that a general jury

demand made in a complaint constitutes a jury demand on a compulsory counterclaim that did not request a jury trial, even if the complaint is dismissed prior to trial. *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 437–438, 763 N.E.2d 1169. Under the *Soler* analysis, Kaiser's failure to demand a jury trial on his counterclaim for declaratory judgment would be inconsequential, and the trial court should not have resolved disputed issues of fact.

{¶ 10} However, the Ohio Supreme Court has also held that in a declaratory-judgment action, which does not request the recovery of money, the party seeking declaratory judgment has no right to a jury trial pursuant to R.C. 2311.04. *Am. Continental Ins. Co. v. Estate of Gerkens* (1990), 69 Ohio App.3d 697, 707, 591 N.E.2d 774, quoting *Erie Ins. Group v. Fisher* (1984), 15 Ohio St.3d 380, 15 OBR 497, 474 N.E.2d 320, citing *Travelers Indemn. Co. v. Cochrane* (1951), 155 Ohio St. 305, 44 O.O. 302, 98 N.E.2d 840, at paragraph one of the syllabus. See also *Hildreth Mfg., L.L.C. v. Semco, Inc.*, 151 Ohio App.3d 693, 2003-Ohio-741, 785 N.E.2d 774, at ¶ 52–54 (no right to jury trial on declaratory-judgment action not seeking the recovery of money). Kaiser's counterclaim requested a declaration that the covenant not to compete was unreasonable and essentially requested reformation so as to make the covenant reasonable. Since Kaiser did not request monetary damages as part of the declaratory-judgment action, the trial court did not abuse its discretion by resolving issues of fact to reach its conclusions. The fifth assignment of error is overruled.

{¶ 11} In the third assignment of error, Homan contends that the trial court erred by finding that it had no right to enforce the covenant because it had changed its corporate name between the time the contract was entered into and the time the employment relationship with Kaiser was severed. This argument is found well taken.

{¶ 12} Roger Homan was the sole shareholder and president of Homan Equipment, Inc., which was the business name he used when the covenant not to compete was signed by Kaiser. (Jan. 25, 2006 affidavit of Roger Homan.) Roger stated that he is the sole shareholder and president of Homan, Inc., which is the new business name he selected. Roger also indicated that "the change of Homan Equipment, Inc. to Homan, Inc. was in name only without any formal change in corporate structure."

{¶ 13} Based on the undisputed facts of this case, it is clear that the only change made in the company was a ministerial change of name. R.C. 1701.05(E) refers to corporate changes of name. Additionally, we note the following passage from American Jurisprudence:

> An authorized change in the name of a corporation has no more effect on its identity as a corporation than a change of name of a natural person has upon

his identity; the corporation's identity remains unchanged. A corporate name change does not make a new corporation, but only gives the corporation a new name. A change of name in no way affects the corporation's nature or legal existence; a corporation's legal existence commences upon the filing of the articles of incorporation, and mere amendment of the articles to change the corporation's name does not affect its perpetual existence.

A corporate name change does not affect the rights of the corporation or lessen or add to its obligations, and has no effect on the corporation's property. Thus, a corporate name change does not affect the liability of the corporation, including contractual liability. Moreover, there is no need for a formal assignment of trademark rights from a corporation under an old name to a corporation under a new name.

(Footnotes omitted.) 18A American Jurisprudence 2d, Corporations, Section 240. Based on the above analysis, the trial court abused its discretion when it found that "the covenant not to compete was originally for the protection of Homan Equipment, Inc. When Homan Equipment, Inc. filed bankruptcy, Plaintiff acquired the covenant not to compete without any obligation to Kaiser." The record does not support the court's finding that Homan Equipment, Inc. filed for bankruptcy. Because the court gave unsupported reasons for its determination and based on the analysis above concerning ministerial name changes, we find that the trial court abused its discretion, and the third assignment of error is sustained.

{¶ 14} In the second assignment of error, Homan contends that the trial court erred by finding the covenant not to compete unenforceable. In its judgment entry granting declaratory judgment to Kaiser, the trial court determined that the original covenant not to compete was unreasonable. The trial court accordingly reformed the contract and found that a noncompetition agreement of two years within a geographic area of 50 miles from Maria Stein, Ohio, was reasonable. The trial court then determined that because two years had expired, the covenant was no longer enforceable.

{¶ 15} The employment relationship between Homan and Kaiser was severed (either because Kaiser was laid off or because Kaiser was terminated from Homan's employment) in January or February 2004. Kaiser formed A1 AG shortly thereafter. In March 2004, Homan notified Kaiser that he had signed the covenant not to compete, and Kaiser ceased his employment with A1 AG and transferred his portion of the business to a third party. Kaiser was employed by a different company for one year. Kaiser admitted that he refrained from competing with Homan for a period of one year, which he believed was a reasonable time. (Motion for Declaratory Judgment, Dec. 14, 2005, at Ex. 3, ¶ 16). Kaiser also apparently admits that after April 1, 2005, he began contacting

customers who had done business with Homan. (Motion for Summary Judgment, Feb. 24, 2006, at Ex. 8, ¶ 12). Kaiser also admitted that he formed A1 AG to compete with Homan. (Id., at Ex. 8, ¶ 7).

{¶ 16} The complaint in this case was filed on August 31, 2005. Clearly, there was a period of several months between April 2005 and August 31, 2005, in which Kaiser and A1 AG were directly competing with Homan. Kaiser and A1 AG competed with Homan for approximately one to two months before Homan notified Kaiser about the noncompetition agreement in March 2004.

{¶ 17} The Sixth Appellate District has held that a covenant not to compete may not expire while the enforceability of that contract is being litigated. *Trim–Line of Toledo v. Carroll* (Feb. 25, 1987), 6th Dist. No. L–86–176, 1987 WL 7056. The court noted that the parties had signed a contract agreeing to a two-year period in which the defendant could not compete with the plaintiff, and the plaintiff "should not be denied the benefit of their bargain simply because the time period specified in the negative covenant all but expired while [the plaintiff] sought to enforce the contract through the court system." Id. The court stated that the covenant was not enforced while litigation was pending, leaving the defendant to engage in direct competition with the plaintiff. However, the court noted that if it held that the contract had expired during resolution of the litigation, it would be "sanctioning litigation as a delay tactic. All an individual would have to do would be to contest the negative covenant in court until the restrictive time period elapsed. If this were true, covenants not to compete would be virtually ineffective." Id.

{¶ 18} We agree with the court's reasoning in *Trim–Line*. The end of the employment relation occurred in January or February 2004. Because the trial court reformed the restrictive time period from three years to two years, the covenant would then expire in January or February 2006. Kaiser admitted that he refrained from competition for a period of one year beginning in March 2004 and ending on April 1, 2005. Following the conclusion of this litigation, Kaiser is bound to abide by the terms of the covenant not to compete for any remaining period of time.

{¶ 19} Based on our above analysis, the trial court abused its discretion when it summarily determined that the covenant not to compete, as reformed, was unenforceable due to the expiration of the restrictive time period. The trial court also dismissed count one of Homan's complaint, seeking damages for breach of contract, when it resolved Kaiser's declaratory judgment action. Since the undisputed facts of this case reflect a breach of the contract, the trial court erred by dismissing Homan's breach-of-contract claim, and that matter is remanded to the trial court. The second assignment of error is sustained.

{¶ 20} In the first and fourth assignments of error, Homan contends that the trial court erred when it granted summary judgment to the defendants on count two of the complaint, which asserted a claim for unjust enrichment. Although the trial court reached its decision for different reasons, we find that summary judgment on count two was appropriate.

{¶ 21} Unjust enrichment is an equitable doctrine, not based on contract law but upon quasi-contract. See *Campana v. Ford Motor Co.*, 8th Dist. No. 88616, 2007-Ohio-4040, 2007 WL 2269504, at ¶ 18. "Liability in quasi-contract 'arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain.' " Id., quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298. However, the doctrine of unjust enrichment cannot apply when an express contract exists. Id., citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920. See also *Davidson v. Davidson*, 3d Dist. No. 17–05–12, 2005-Ohio-6414, 2005 WL 3274853, at ¶ 19, citing *Ullmann v. May* (1947), 147 Ohio St. 468, 479, 34 O.O. 384, 72 N.E.2d 63.

{¶ 22} The crux of the trial court's summary-judgment opinion was the existence or nonexistence of trade secrets. In arriving at its judgment, it appears that the court improperly weighed evidence. However, that error is nonprejudicial in this case because the parties had an express noncompetition agreement. Although the trial court ultimately resolved issues of fact in determining the reasonableness of that contract in its consideration of the declaratory-judgment action, as stated above, it may do so. The court having found the covenant not to compete to be unreasonable and having reformed it, the parties still had a contract upon which a cause of action for damages could accrue. Therefore, there could be no unjust enrichment as alleged in count two of Homan's complaint. The first and fourth assignments of error are overruled.

{¶ 23} In accordance with the above opinion, the judgment of the Mercer County Common Pleas Court is affirmed in part and reversed in part. This cause is remanded for further proceedings.

> Judgment affirmed in part
> and reversed in part
> and cause remanded.

SHAW, P.J., and PRESTON, J., concur.