WEICKERT et al., Appellants,

v.

BOWDEN et al., Appellees.

[Cite as *Weickert v. Bowden*, 188 Ohio App.3d 730, 2010-Ohio-2581.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–09–022.

Decided June 4, 2010.

Patricia A. Wise, Sarah K. Skow, and Andrew W. Miller, for appellants.

Robert J. Bahret and Keith J. Watkins, for appellees.

Cosme, Judge.

{¶ 1} In this appeal, the fourth in a 12–year odyssey over the sale of an insurance business, the parties contest the enforceability of a second arbitration award attempting to adjust their differences. Because there was no agreement to arbitrate, we hold that the trial court erred in compelling arbitration.

## I. BACKGROUND

{¶ 2} The parties entered into a written agreement for the sale of the Bowdens' insurance business to the Weickerts back in 1998. The agreement provided for a term of employment of Lee Bowden after the sale and contained various other terms and conditions addressing their prospective relationship. Among these terms was mandatory arbitration and a 30–mile radius, 10–year agreement by Lee Bowden not to compete with the Weickerts' newly acquired business. The parties' ceaseless controversy erupted shortly after the ink dried.

{¶ 3} In *Bowden v. Weickert* (May 18, 2001), 6th Dist. No. S–00–039, 2001 WL 536818 (*"Bowden I "*), we upheld the trial court's referral of the parties' dispute to arbitration after a failed meditation attempt. In *Bowden v. Weickert*, 6th Dist. No. S–02–017, 2003-Ohio-3223, 2003 WL 21419175 (*"Bowden II "*), we invalidated the first arbitration award because it was improper for the same individual who unsuccessfully mediated the dispute to serve as the arbitrator. The dispute was then referred to a different arbitrator. The second arbitrator found substantial performance of the parties' primary undertaking, which was the sale of the business. But the arbitrator ruled that both sides had so materially violated their prospective obligations as to constitute mutual rescission. The trial court confirmed the arbitration award. In *Bowden v. Weickert*, 6th Dist. No. S–05–009, 2006-Ohio-471, 2006 WL 259642 (*"Bowden III"*), we affirmed, effectively upholding the ruling that the parties had abandoned their future performance obligations set forth in the original purchase agreement. Id. at ¶ 54.

{¶ 4} In addition, we held that the noncompete agreement survived. Id. at ¶ 57. To be clear, the parties consummated the sale and abandoned all further obligations, one to the other, save for the single commitment not to compete. We were explicit that "today's decision puts an end to the arbitration proceedings required by the original purchase agreement." Id. at ¶ 60.

{¶ 5} In the aftermath of *Bowden III*, plaintiffs-appellants (the Weickerts) brought the present action seeking damages for Lee Bowden's breach of the noncompete agreement. Bowden demanded arbitration. The trial court stayed litigation of the Weickerts' claim and compelled arbitration.

## II. ARBITRABILITY OF CLAIM

{¶ 6} In their first assignment of error, appellants argue:

{¶ 7} "The lower court erred in its amended judgment entry of June 17, 2009 which 'Affirms and Confirms' the arbitration award of September 12, 2008. The arbitrator award should not have been confirmed since it was in manifest disregard of this court's mandate, and unlawful."

{¶ 8} We agree.

■ {¶ 9} In light of our holding in *Bowden III,* it was reversible error for the trial court to compel arbitration because the prior agreement to arbitrate, along with all of the other unfulfilled terms of the purchase agreement, was abandoned. See *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 ("arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"); *Dantz v. Apple Ohio, L.L.C.* (N.D.Ohio 2003), 277 F.Supp.2d 794, 800 ("The determinative factor of whether an arbitration provision can be enforced to settle a dispute is the existence of a contract between the parties demonstrating that they intended for such to be the case. * * * That determination is made with reference to state-law contract principles"); *Perry v. Thomas* (1987), 482 U.S. 483, 492, 107 S.Ct. 2520, 96 L.Ed.2d 426, fn. 9. See also *Floss v. Ryan's Family Steak Houses, Inc.* (C.A.6, 2000), 211 F.3d 306, 314; *Orcutt v. Kettering Radiologists, Inc.* (S.D.Ohio 2002), 199 F.Supp.2d 746, 750–751; *Toledo Police Patrolman's Assn., Local 10, IUPA, AFL–CIO–CLC v. Toledo* (1998), 127 Ohio App.3d 450, 713 N.E.2d 78.

{¶ 10} Accordingly, appellants' first assignment of error is well taken.

## III. EXPIRATION OF NONCOMPETE AGREEMENT PENDING WHILE ITS ENFORCEMENT IS LITIGATED

{¶ 11} In their second assignment of error, appellants argue:

{¶ 12} "The lower court erred in confirming the arbitration award which incorrectly failed to extend the terms of appellee Bowden's non-compete agreement."

{¶ 13} We disagree.

■ {¶ 14} We have held that a noncompete agreement cannot expire in litigation while the enforceability of the agreement is being litigated. *Trim–Line of Toledo v. Carroll* (Feb. 25, 1987), 6th Dist. No. L–86–176, 1987 WL 7056; *Homan, Inc. v. A1 AG Servs., L.L.C.,* 175 Ohio App.3d 51, 2008-Ohio-277, 885 N.E.2d 253, ¶ 17.

{¶ 15} But here, the arbitrator specifically found that "Lee Bowden had not substantially breached the non-compete agreement as of May 26, 2004." In *Bowden III*, we held that the "original 10–year, 30–mile non-compete provision in the purchase agreement was not terminated or abbreviated by the arbitrator's decision, and it remains in effect." *Bowden III* at ¶ 58. Thus, the rationale set forth in *Trim–Line* does not apply to extend the duration of the noncompete agreement.

{¶ 16} Accordingly, appellants' second assignment of error is not well taken.

## IV.  AWARD OF COSTS IS INAPPROPRIATE

{¶ 17} In their third assignment of error, appellants argue:

{¶ 18} "The lower court erred in awarding costs to appellees."

{¶ 19} We agree.

{¶ 20} Appellants' claim for damages resulting from appellees' tortious interference remains pending before the trial court.

{¶ 21} Since there are no further arbitration proceedings required by the original purchase agreement, there is no reason for a stay.[1]  But since issues remain to be litigated in the trial court, an award of costs at this time is inappropriate.

{¶ 22} Accordingly, appellants' third assignment of error is well taken.

## V.  CONCLUSION

{¶ 23} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed in part and reversed in part.  The arbitration award is vacated, and the order staying the Weickerts' claim is vacated.  This case is remanded to the trial court for adjudication of the Weickerts' claim for breach of the noncompete agreement.  Appellants and appellees shall share equally the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed in part
and reversed in part.

OSOWIK, P.J., and HANDWORK, J., concur.

---

1.  See corrective judgment entry, filed April 18, 2007, which provides that "the Complaint, Answers and Counterclaim with Replies are stayed until arbitration occurs between Plaintiffs and Defendants Bowden, pursuant to the contract attached to the Complaint herein."