[Cite as *Nationwide Mut. Fire Ins. Co. v. Delacruz*, 2010-Ohio-6068.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

     PLAINTIFF-APPELLANT,               CASE NO. 5-10-17

     v.

ALFREDO J. DELACRUZ, JR.,          O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Findlay Municipal Court
Trial Court No. 09-CVE-1216

**Judgment Affirmed**

Date of Decision:   December 13, 2010

APPEARANCES:

    *Steven J. Zeehandelar* for Appellant

    *Bret A. Spaeth* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant, Nationwide Mutual Fire Insurance Company ("Nationwide"), appeals the judgment of the Findlay Municipal Court granting summary judgment in favor of defendant-appellee, Alfredo J. Delacruz, Jr. ("Delacruz"). The trial court found that Nationwide's claim for indemnification against Delacruz was time-barred by the statute of limitations and that Nationwide was not entitled to recovery on the basis of unjust enrichment. For the reasons set forth below, we affirm.

{¶2} On February 24, 2001, Delacruz and Nationwide's insured, Joyce Alt ("Alt"), were involved in an automobile accident. Delacruz suffered from injuries as a result of the accident. Delacruz was insured by Guide One ("Guide One"), which paid his medical expenses in the amount of $5,000.00. On February 8, 2003, Guide One submitted a subrogation claim to Nationwide for the $5,000.00 it paid on Delacruz' behalf. Both Nationwide and Guide One are members of Arbitration Forums, Inc., a private organization used to settle claims between insurers through arbitration. Arbitration Forums requires its members to forego litigation and arbitrate any medical payment subrogation claims through Arbitration Forums.

{¶3} Delacruz filed a civil suit against Alt in the Hancock Court of Common Pleas (case number 2006-CV-203) within the two-year statute of

limitations for bodily injury claims. The arbitration between Nationwide and Guide One was placed in deferment until the resolution of the civil action between Delacruz and Alt. Prior to trial, Nationwide settled Delacruz' claim against Alt for $15,000.00. Nationwide maintains that the settlement amount included reimbursement of the $5,000.00 in medical expenses paid by Guide One on Delacruz' behalf.

{¶4} On March 19, 2007, Delacruz signed a "Receipt and Release" in exchange for Nationwide's payment of the $15,000.00 settlement. The "Receipt and Release" provided, in pertinent part:

> **It is expressly understood and agreed that this Release includes, but is not limited to, a release of all claims for property damage and personal injuries sustained by Alfred DeLaCruz arising from the [February 24, 2001] accident, including but not limited to, \* \* \* all third party subrogation claims, including, but not limited to J.W. Hutton, Inc. for Wassau Benefits, Inc.,** *Guide One Insurance***, and Therapy Works, and any and all further expenses and damages of whatsoever nature sustained by the undersigned, or on his behalf, or by anyone asserting a derivative claim, as a result of the aforementioned accident.**
> **\* \* \***
> **It is further expressly understood and agreed that the undersigned agrees to indemnify and hold harmless forever [Joyce Alt], his [sic] agents, heirs, executors, administrators, successors, insurers and assigns, and every other related person, firm and corporation, against loss from any and all such further claims, demands or actions, in law or in equity, that may hereinafter be made or brought by the undersigned, or by anyone on his behalf, or by anyone asserting a derivative claim or third party claim for subrogation against [Joyce Alt] or any other related person, firm and corporation, for the purpose of**

>  **enforcing a further claim for damages of any kind sustained by the undersigned in consequence of the aforementioned collision.**

(Emphasis added).

{¶5} After Nationwide and Delacruz reached a settlement, the arbitration of Guide One's subrogation claim against Nationwide was placed into active status. On April 3, 2007, an arbitration decision was rendered in favor of Guide One in the amount of $5,000.00, the amount of Guide One's purported subrogated interest.[1] On May 28, 2008, over a year later, Nationwide paid the full $5,000.00 arbitration award to Guide One.

{¶6} On May 27, 2009, Nationwide filed this action, seeking reimbursement of the $5,000.00 from Delacruz. Nationwide's complaint alleged that Delacruz had breached the terms of the "Receipt and Release" by failing to indemnify Nationwide for its payment of Guide One's subrogation claim.[2] Nationwide also argued that it was entitled to recovery against Delacruz under the theory of unjust enrichment. Delacruz timely answered the complaint.

{¶7} The parties filed cross-motions for summary judgment. On May 14, 2010, the trial court denied Nationwide's motion for summary judgment and

---

[1] It should be noted that record before us contains no information regarding the specific details of the inter-company arbitration between Guide One and Nationwide. Specifically, we have no indication as to whether Nationwide attempted to raise the defense that it already paid Guide One's subrogation interest when it paid the $15,000.00 settlement amount to Delacruz or what factors were considered by the arbitrator in reaching the decision.

[2] We note that Delacruz contends that Nationwide never made a formal request for indemnification prior to filing this lawsuit.

granted Delacruz' motion for summary judgment. The trial court ultimately concluded that Delacruz did not breach the terms of the "Receipt and Release." Specifically, the trial court found that Guide One's filing for inter-company arbitration failed to preserve its claim against Nationwide because it did not constitute a commencement of an action required to toll the two-year statute of limitations. The trial court held that because Guide One's subrogation claim was not timely filed within the statute of limitations, Nationwide's claim for indemnification against Delacruz based on that claim was time-barred. In addition, the court found that Nationwide was not entitled to recover from Delacruz on the basis of unjust enrichment because an express contract existed between the parties.

{¶8} It is from this judgment that Nationwide appeals, asserting the following two assignments of error for our review.

**First Assignment of Error**
**The trial court erred when it found that the filing of inter-company arbitration by Defendant/Appellee's insurer, Guide One, failed to preserve its subrogation claim against Plaintiff/Appellant.**

**Second Assignment of Error**
**The trial court erred when it found that the Defendant/Appellee was not unjustly enriched by his failure to reimburse Plaintiff/Appellee [sic] for the arbitration award Plaintiff/Appellee [sic] was required to pay Defendant/Appellee's insurer, Guide One.**

{¶9} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. The Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks*, supra.

*First Assignment of Error*

{¶10} In its first assignment of error, Nationwide argues that the trial court erred in granting summary judgment in favor of Delacruz based on its finding that Guide One's subrogation claim against Nationwide was barred by the statute of limitations. Specifically, Nationwide argues that Guide One preserved its subrogation claim against Nationwide when Guide One submitted the claim to inter-company arbitration within the applicable two-year statute of limitations.

{¶11} In rendering its decision to overrule Nationwide's motion for summary judgment and to grant Delacruz' motion for summary judgment, the trial

court relied, in large part, on *Nationwide Mutual Fire Insurance Company v. Buckley*, 9th Dist No. 06CA0013-M, 2006-Ohio-5362. The facts in *Buckley* are similar to the case *sub judice*. Buckley was involved in an automobile accident with a party named Cessna, who was insured by Nationwide. *Id*. at ¶ 2. Buckley was insured by Farmers Insurance Company which paid some of Buckley's medical expenses. *Id*. Buckley then civilly sued Cessna, but eventually settled the matter with Nationwide prior to the trial for $10,000.00. *Id*.

{¶12} In the settlement, Buckley signed a release which stated that "[i]t is agreed that distribution of the above sum [$10,000.00] shall be as Payees see fit, but must include all subrogation claims, including but not limited to Farmers Insurance." *Id*. at ¶ 3. The release also contained the following language. "We further understand and agree that we will release and indemnify [Cessna] and Nationwide Mutual Insurance Company of any and all subrogation claims that may exist as a result of any and all medical and all hospital claims including, but not limited to, Farmers Insurance." *Id*.

{¶13} Despite the language in the release, Buckley refused to reimburse Farmers for the money it paid on Buckley's behalf. *Id*. at ¶ 4. Almost six years after the collision, Farmers filed for inter-company arbitration against Nationwide and was ultimately awarded the amount of its subrogated interest. *Id*. Nationwide then sued Buckley for breach of contract and indemnification. *Id*. at ¶ 5.

{¶14} The Ninth District Court of Appeals held that Nationwide's claim was barred by the statute of limitations noting that "where an insured's tort claim is subject to a statute of limitations, so too is the insurer's subrogation claim." *Id*. at ¶14 citing *United States Fid. And Guar. Co. v. Buckeye Union Ins. Co.* (Sept. 30, 1986), 6th Dist. No. L-85-377; see, also, *Nationwide Mut. Ins. Co. v. Zimmerman*, 5th Dist. No. 2004 VA 2007, 2004-Ohio-7115, at ¶ 16. The court in *Buckley* noted that "the release agreement provided only that Buckley would indemnify Nationwide for Farmer's subrogation claims that may exist." *Id*. at ¶ 17. The court reasoned that at the execution of the release and when Farmers sought reimbursement from Nationwide, Farmers' subrogation claim no longer existed because the statute of limitations had run and, therefore, Nationwide was not entitled indemnification from Buckley.

{¶15} In the case *sub judice*, the trial court relied on the same reasoning as the court in *Buckley* when it determined that Nationwide's claim against Delacruz was time-barred. On appeal, Delacruz' contends that the trial court reliance on *Buckley* was misplaced stating that "[n]one of the factors that led to the court's decision in *Buckley* are present in the case at hand." (App. Brief at 10). We agree with Nationwide that some of the facts present in this case are distinguishable from the facts in *Buckley*. Specifically, unlike in *Buckley*, Guide One submitted its subrogation claim for inter-company arbitration within the statute of limitations.

Therefore, the essential question in this case is whether Guide One's filing for inter-company arbitration preserved its claim to toll the statute of limitations.

**{¶16}** Section 2305.10 of the Revised Code sets forth the statute of limitations for causes of actions based on bodily injury and provides that "an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." R.C. 2305.10. The statute further states that "a cause of action accrues under this division when the injury or loss to person or property occurs." *Id*. It is undisputed by the parties that the accident giving rise to this suit occurred on February 24, 2001, and that Guide One submitted its subrogation claim against Nationwide to inter-company arbitration on February 8, 2003—within the two-year timeframe.

**{¶17}** However, as noted by the trial court, R.C. 2305.17 expressly defines what constitutes a commencement of an action within the statute of limitations for claims based on bodily injury and provides:

> **An action is commenced within the meaning of sections 2305.03 to 2305.22** and sections 1302.98 and 1304.35 of the Revised Code *by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication*, **if service is obtained within one year.**

(Emphasis added).

**{¶18}** Here, Guide One did not file a petition with the office of the clerk of courts as required by the statutory language cited above. Rather, Guide One filed

notice with a third-party private organization, Arbitration Forums, Inc., to provide Nationwide notice of its subrogation claim. In addition, Nationwide cites us to no authority in support its contention that Guide One's submission of its subrogation claim to inter-company arbitration constitutes a commencement of an action within the meaning of R.C. 2305.17. To the contrary, at least one court has found that a presentment of a creditor's claim to an estate does not constitute a commencement of an action within the meaning of R.C. 2305.10 to toll the statute of limitations. *Nationwide Mut. Ins. Co. v. Zimmerman*, 5th Dist. No. 2004 VA 2007, 2004-Ohio-7115, at ¶ 18.

{¶19} Based on the reasoning articulated by the court in *Buckley*, the trial court concluded that Delacruz did not breach the terms of the "Receipt and Release." Because that statute of limitations had expired, the trial court concluded that Guide One's claim for subrogation against Nationwide did not constitute an action in law that "may hereafter be made or brought * * * by anyone asserting a third party claim for subrogation" under the terms of the "Receipt and Release." Therefore, the court concluded that Nationwide was not entitled to indemnification from Delacruz pursuant to the release.

{¶20} In light of the statutory authority cited above, we find no error in the trial court's conclusion that Guide One's filing for inter-company arbitration failed to preserve its subrogation claim after the expiration of the statute of limitations.

Accordingly, we also find no error in trial court's conclusion that Delacruz was entitled to summary judgment as a matter of law. Nationwide's first assignment of error is overruled.

*Second Assignment of Error*

**{¶21}** In its second assignment of error, Nationwide argues that it is entitled to recovery from Delacruz under the theory of unjust enrichment. Unjust enrichment is an equitable doctrine, not based on contract law but upon quasi-contract. *Homan, Inc. v. A1 AG Serv., L.L.C.*, 175 Ohio App.3d 51, 2008-Ohio-277, 885 N.E.2d 253, at ¶ 21, citing *Campana v. Ford Motor Co.*, 8th Dist. No. 88616, 2007-Ohio-4040, 2007 WL 2269504, at ¶ 18. Liability in quasi-contract "arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain." *Bickham v. Standley*, 183 Ohio App.3d 422, 2009-Ohio-3530, ¶ 14, 917 N.E.2d 330 quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298. However, the doctrine of unjust enrichment cannot apply when an express contract exists. *Bickman* at ¶ 14, citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920. See also *Davidson v. Davidson*, 3d Dist. No. 17-05-12, 2005-Ohio-6414, 2005 WL 3274853, at ¶ 19, citing *Ullmann v. May* (1947), 147 Ohio St. 468, 479, 34 O.O. 384, 72 N.E.2d 63.

{¶22} Nationwide erroneously argues that trial court found that the terms of the "Receipt and Release" did not apply in this case and contends that it is entitled to recover from Delacruz under a quasi-contract theory. However, Nationwide obfuscates the trial court's ruling regarding the first assignment of error. The trial court did not find that the "Receipt and Release" was not a valid contract between the parties. On the contrary, the trial court concluded that Guide One's subrogation claim did not constitute an action for indemnification under the terms of the "Receipt and Release." As previously discussed, the basis for the trial court's decision was that the statute of limitations had expired on Guide One's claim for subrogation against Nationwide, therefore, it was not action in law that "may hereafter be made or brought * * * by anyone asserting a third party claim for subrogation" under the terms of the "Receipt and Release."

{¶23} In reviewing the trial court's decision, it is apparent that the trial court found a valid contract existed between the parties. The trial court simply held that Nationwide was not entitled to identification from Buckley under the terms of the agreement. Accordingly, because an express contract existed between the parties, Delacruz was entitled to summary judgment on Nationwide's claim for unjust enrichment.

{¶24} Finally, we also note that Nationwide emphatically argues that Delacruz "cannot and should not be allowed to escape his obligation to reimburse

[Nationwide] for medical expenses that he incurred and for which Nationwide had now paid *twice*." (Reply Brief, at 2). However, Nationwide was the only party present at both the settlement and the arbitration proceedings. Therefore, Nationwide was the party in the best position to assert the defense that it should not be required to pay Guide One's subrogation claim because it had already paid that amount to Delacruz.

{¶25} Based on all the above, Nationwide's second assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and PRESTON, J.J., concur.**

**/jlr**